IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN ALPHONSE LEE, #152056,<br>    Plaintiff,<br><br>v.<br><br>ALABAMA DEPT. OF CORRECTIONS, et al.,<br><br>    Defendants | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 2:07-CV-973-MEF<br>)                           [WO]<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Calvin Alphonse Lee ["Lee"], a state inmate, challenges actions taken against him and conditions of confinement at the Frank Lee Youth Center.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Alabama Department of Corrections and the Alabama Board of Pardons and Parole are due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

Lee lists the Alabama Department of Corrections and the Alabama Board of Pardons and Paroles, both state agencies, as defendants in this cause of action. The law is well-settled that a state agency is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986).

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Moreover, a state agency is merely an extension of the State and is therefore "not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claims against the Alabama Department of Corrections and the Alabama Board of Pardons and Paroles are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such claims are therefore subject to summary dismissal upon application of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Alabama Department of Corrections and the Alabama Board of Pardons and Paroles be dismissed with prejudice pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

2. The Alabama Department of Corrections and the Alabama Board of Pardons and Paroles be dismissed as defendants in this cause of action.

3. This case, with respect to claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before November 19, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of November, 2007.

          /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE