IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| CALVIN A. LEE, AIS# 152056 | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case # 2:07-CV-973-MEF |
| | ) | |
| PAUL WHATLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Come now the Alabama Board of Pardons and Paroles (hereafter "the Parole Board") and its former Chairman, Sidney Williams; its Executive Director, Cynthia Dillard; its former Executive Director, William Segrest; its former Director of Operations, Carolyn Flack; denying all averments, not expressly admitted, in Plaintiff's complaint. In response to Plaintiff's claims the following is submitted:

### OUR UNDERSTANDING OF THE COMPLAINT

Lee brings this §1983 action alleging civil rights violations against numerous governmental officials within the Department of Corrections and the Alabama Board of Pardons and Paroles.

1

Lee claims 14th Amendment equal protection violation by the Department of Corrections concerning his classification status and restricted access to certain programs and work assignments.

Lee claims Eight Amendment violations by the Department of Corrections claiming the conditions within the prison setting constitutes cruel and unusual punishment. He raises issues concerning the state of the facilities and medical treatment.

Lee claims 14th Amendment due process violations by the Board of Pardons and Paroles alleging he was arbitrarily and capricious denied parole. He further claims the Parole Board relied on false information when denying parole.

## RELIEF SOUGHT

Lee seeks to have this Court institute a Federal investigation by the Federal Marshals and the U.S. Justice Department into his allegations.

Lee seeks injunctive relief directing the Department of Corrections to assign him to a particular prison, directives to prevent the Department of Corrections from retaliating against him for filing

this complaint, relief from the alleged intentional
infliction of torment, and monetary and compensatory
damages.

**EXHIBITS**

A    Affidavit of **Carolyn Flack** dated 1-28-2008
B    Affidavit of **Cynthia Dillard** dated 1-28-2008

C    Affidavit of **William Segrest**, retired State
     employees, will be signed and filed expeditiously
D    Affidavit of **Sidney Williams**, retired State
     employee, will be signed and filed expeditiously
E    Board Action sheet denying parole dated 5-23-2005
F    Board Action sheet denying parole dated 4-19-2006
G    Board Action sheet denying parole dated 3-28-2007

**DEFENDANT'S ARGUMENTS AND DEFENSES**

The Board and its agents, named in this action,
deny the material averments in Lee's complaint and
demand strict proof thereof.

***STATE 11th Amendment Immunity:***

A State agency may not be made a Defendant in an
action pursuant to 42 U.S.C. §1983.

Title 42 U.S.C. §1983 provides as follows:

> *Every person who, under color of any statute,*
> *ordinance, regulation, custom, or usage, of any*
> *State or Territory or the District of Columbia,*
> *subjects, or causes to be subjected, any citizen*

3

> *of the United States or other person within the*
> *jurisdiction thereof to the deprivation of any*
> *rights, privileges, or immunities secured by the*
> *Constitution and laws, shall be liable to the*
> *party injured in an action at law, suit in equity,*
> *or other proper proceeding for redress.*

A State agency is not a "person" within the meaning of 42 U.S.C. §1983, and cannot be sued under that statute, *Will vs. Mich. Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989). As the Court said, "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will,* 491 U.S. 58, 66, 109 S.Ct. 2304, 2309. The Court further said, "We cannot conclude that §1983 was intended to disregard the well-established immunity of a State from being sued without its consent."*491 U.S. 58, 67, 109 S.Ct. 2304, 2310*. The State itself is not a "person" within the meaning of §1983. The statute must be read to mean what Congress intended, and they clearly did

4

not intend to abrogate the sovereign States' immunity against suit.

It is equally clear that the Alabama Constitution does not authorize any State official to waive the State's immunity. The U.S. Supreme Court has observed that §14 of the Alabama Constitution provides that the State of Alabama "shall never be made a Defendant in any court of law or equity." This clear statement prevents State officials from waiving immunity, *Alabama vs. Pugh,* 438 U.S. 781, 98 S.Ct. 3057 (1978).

The Alabama Supreme Court has held that the courts of this State lack subject-matter jurisdiction to entertain a suit against the State, *Ala. State Docks Term. Ry. vs. Lyles,* 797 So.2d 432 (Ala. 2001). The Court further observed that the courts, at any level should dismiss an action on their own motion when they recognize that the action is directed against the State.

### *Parole Board's Judicial Immunity:*

The Board of Pardons and Parole performs a quasi-judicial function and is entitled to absolute

immunity in their decisions concerning who to parole and when. Members of the Board appear to have absolute immunity from liability arising from the decision to grant or deny parole. *Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990.*

### Board's Agents and Employees 11th Amendment Immunity:

William Segrest (former Executive Director), Cynthia Dillard (Executive Director), and Carolyn Flack (Director of Board Operations) denies the material averments in Lee's complaint and demands strict proof thereof.

Segrest, Dillard, and Flack are entitled to Eleventh Amendment immunity in their official capacity where money damages are sought, as this is in effect a suit against the State of Alabama. See *Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057 (1978).* Segrest, Dillard, and Flack incorporate by reference the states' immunity arguments, supra.

### Board Agents Are Entitled to Qualified Immunity:

William Segrest (former Executive Director), Cynthia Dillard (Executive Director), and Carolyn Flack

(Director of Board Operations) deny the material averments in Lee's complaint and demand strict proof thereof.

Segrest, Dillard, and Flack are entitled to qualified immunity in the performance of their duties. Lee neither alleges nor states any conduct by the Parole Board's agents named from which the Court can determine whether they acted within the scope of their authority or whether their conduct violated a "clearly established constitutional right" to which Lee was entitle. *St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir.2202)(quoting Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir.2001).* Absent such a pleading the Parole Board's agents are entitled to have this action dismissed for failing to state a claim. Had Lee adequately plead his case the Board's agents are entitled to qualified immunity.

***Failure to State a Claim Against the Parole Board:***

Lee fails to state a due process violation claim concerning the denial of his parole. Lee received a 15-year sentence from Mobile County Circuit Court, Alabama, in 2004, for Criminal Mischief I. He has been

considered for parole on three occasions (May 23, 2005; April 19, 2006; and March 28, 2007) and was denied each time. He was not set for further parole consideration and is due to end his sentence January 24, 2008.[1]

Lee's due process claims are frivolous. It is well settled that Alabama's parole statutes do not create a liberty interest protected by due process, *Thomas vs. Sellers,* 691 F.2d 487 (11th Cir. 1982); *Thompson vs. Ala. Bd. Of Pardons & Paroles,* 806 So.2d 374 (Ala. 2001.) Since these statutes did not create a liberty interest, Plaintiff's desire to be paroled are not protected by due process, *O'Kelley vs. Snow,* 53 F.3d 319 (11th Cir. 1995); *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.1982). The due process averments fail to state a claim upon which relief may be granted.

Lee alleges the Parole Board relied on false information in denying him parole. Those allegations fail to state a claim upon which relief may be granted. [*Jones vs. Ray, 279 F.3d 944 (11th Cir. 2001)*]; [*Monroe v. Thigpen, 932 F.2d 1437, 1442(11th Cir.1991*]. If this

---

[1] If Lee is release from prison on January 24, 2008, which is his sheduled end-of-sentence date, the injunctive relief he seeks will be moot.

Court assumes the truth of all factual averments in the Complaint, Lee has merely alleged that there is some inaccurate information available to the Parole Board. This is far short of what is necessary to plead or prove a claim of arbitrary and capricious action on the part of the Board. The *Greenholtz* Court observed that the Constitution does not require perfect decision-making, especially in the exercise of discretionary clemency powers. *Greenholtz vs. Inmates of Nebraska,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979).

Assuming that the Board did receive, consider and rely on information that was inaccurate, this is not constitutionally significant. In order to show that the Board was arbitrary and capricious, Lee must show that the Board *relied on* information that the Board *knew to be false*.

Lee's blind allegation that the Parole Board relied upon false information is insufficient to state a claim upon which relied may be granted, *Monroe,* supra.

9

Sidney Williams, retired Board Member, denies Lee's allegations *(Exhibit D)*.

**Failure to State a Claim Against Board's Agents:**

Lee names the Board of Pardons and Paroles agents William Segrest (former Executive Director), Cynthia Dillard (Executive Director), and Carolyn Flack (Director of Board Operations) in the complaint, but fails to state *any* action these employees took that deprived him of any protected right. In fact, Lee's only reference to these individuals is in his list of persons he is suing.

Flack (Exhibit A), Dillard (Exhibit B), and Segrest (Exhibit C) are due to be dismissed from this action for failure to state a claim against them upon which relief may be granted, pursuant to *Rule 12(b)(6), Fed.R.Civ.Proc.*.

*Exhibits C, D, and E* demonstrates that Segrest, Dillard, and Flack did not participate in the decision to deny Lee's parole. These exhibits show the Board members that voted on each occasion.

**Claims Concerning the Ala. Department of Corrections:**

Lee makes numerous claims concerning the Alabama Department of Corrections and its employees. The Alabama Board of Pardons and Paroles and the Department of Corrections are two separate state agencies. The Board of Pardons and Paroles has no supervisory control over the Department of Corrections. Nor are they in an authoritative position to direct institutional assignments, classifications, medical treatment, or other prison conditions.

Lee fails to state a claim against the Board of Pardons and Paroles or its agents concerning all his claims dealing with his treatment or the conditions within the prison system.

### CONCLUSION

This action is barred by the states 11th Amendment immunity to such a suit.

The State and its agents are entitled to immunity from suits for money damages.

The Parole Board has total discretion in determining who will be paroled, when, and under what conditions. The Parole Board is entitled to judicial immunity in making its discretionary decisions.

11

The Parole Board's agents are entitled to qualified immunity in the performance of their duties.

Plaintiff has failed to state a claim against the Parole Board's agents. He simply names them in the complaint.

This action is due to be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.Proc., for failure to state a claim upon which relief may be granted. There is not entitlement to parole in Alabama. Nor has Plaintiff pled any facts, other than conclusory allegations, against the Parole Board or its agents.

In the alternative, the State and its agents are entitled to summary judgment pursuant to Rule 56, Fed.R.Civ.Proc.. Plaintiff has pled conclusory allegations, claims entitlements to parole that is contrary to state law, and brought this action upon the state and its agents who have immunity in such suits.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants, individually:

**Calvin A. Lee
AIS # 152056
Draper Correctional Facility
P.O. Box 1107
Elmore, Alabama 36025**

13

Done this 28th day of January, 2008.

Respectfully submitted,


s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

**STATE OF ALABAMA**            )
                                )
**MONTGOMERY COUNTY**           )

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Carolyn Flack,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Carolyn Flack** and I am a former Director of Board Operations with the Alabama Board of Pardons and Paroles (currently retired). My duties included the day to day supervision of Board Operations which included the Board's Docket and Review Sections. I have reviewed the Board's file pertaining to the inmate named Calvin Alphonse Lee, AIS #152056, and I am aware of the Complaint in this matter.

"I deny the averments Mr. Lee makes in his complaint that pertains to the paroling process and the denial of his parole. Alabama paroling statutes do not vest a constitutionally protected right to parole. I deny violating his rights to due process or any other constitutionally protected right.

'I deny relying on any "known" false information that may be contained in Mr. Lee's parole file in the performance of my duties while the Director of Board Operations.

'As Director of Board Operations I was not vested with any authority to act as a Board member in granting or denying parole. I had no authority to vote nor did I vote to grant or deny Mr. Lee's parole.

'I deny consulting with prison officials concerning Mr. Lee's prison classification or treatment while he has been incarcerated. I further deny his claims that I conspired with prison officials to violate his rights while he has been incarcerated. Nor did I have any



authority to direct prison official's to take a particular action involving Mr. Lee or any

other inmate concerning classification, assignments to institutions, prison conditions, or

medical treatment. "


**CAROLYN FLACK**
**Director of Board Operations**
**Alabama Board of Pardons and Paroles**


SWORN TO AND SUBSCRIBED before me this ___ day of

_____ 2008.


**NOTARY PUBLIC**
**Commission Expires:** _10/10/08_

STATE OF ALABAMA            )
                            )
MONTGOMERY COUNTY           )

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Cynthia Dillard,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Cynthia Dillard** and I am the current Executive Director of the Alabama Board of Pardons and Paroles. My duties include the supervision of day to day operation of the agency, implementing the Board's orders and seeing that the Board's policies and procedures are followed by agency employees. I am also the custodian of the agency records. I have reviewed the Board's file pertaining to the inmate named Calvin Alphonse Lee, AIS #152056, and I am aware of the Complaint in this matter.

"I deny the averments Mr. Lee makes in his complaint that pertains to the paroling process and the denial of his parole. Alabama paroling statutes do not vest a constitutionally protected right to parole. I deny violating his rights to due process or any other constitutionally protected right.

'I deny relying on any "known" false information that may be contained in Mr. Lee's parole file in the performance of my duties as the Executive Director.

'As the Executive Director I am not vested with any authority to act as a Board member in granting or denying parole. I have no authority to vote nor did I vote to grant or deny Mr. Lee's parole.

'I deny consulting with prison officials concerning Mr. Lee's prison classification or treatment while he has been incarcerated. I further deny his claims that I conspired with



prison officials to violate his rights while he has been incarcerated. Nor do I have any

authority to direct prison official's to take a particular action involving Mr. Lee or any

other inmate concerning classification, assignments to institutions, prison conditions, or

medical treatment."


**CYNTHIA DILLARD**
**Executive Director**
**Alabama Board of Pardons and Paroles**


SWORN TO AND SUBSCRIBED before me this _20th_ day of
_January_ _____ 2008.


**NOTARY PUBLIC**
**Commission Expires:** _10/10/08_

STATE BOARD OF PARDONS AND PAROLES
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME LEE CALVIN ALPHONSE     AIS# 152056          DOCKET 06/2005
                                                 1/3   02/20/2006

PAROLE IS THIS DAY ORDERED _____ BY:

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____  SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____  INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____  SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____  PRISON AUTHORITY REPORT IS SATISFACTORY.
_____  UPON ACCEPTANCE BY (STATE OF)_____
_____  I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
        IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
        LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
        IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____  INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____  OTHER_____

MEMBER _____DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____  SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____  INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____  SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____  PRISON AUTHORITY REPORT IS SATISFACTORY.
_____  UPON ACCEPTANCE BY (STATE OF)_____
_____  I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
        IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
        LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
        IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____  INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____  OTHER_____

MEMBER _____DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____  SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____  INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____  SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____  PRISON AUTHORITY REPORT IS SATISFACTORY.
_____  UPON ACCEPTANCE BY (STATE OF)_____
_____  I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
        IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
        LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
        IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____  INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____  OTHER_____

MEMBER _____DATE _____

SPECIAL CONDITIONS _____
_____
_____

CONTINUED TO _____
_____

PAROLE IS THIS DAY DENIED     5-23-05          BY:
DATE                MEMBER                          RESET
5-23-05       Henry T. Williams                    5-06
5-23-05       Velinda Weathers                     5-06
5-12-05       Wm. McGee                            5/06
REMARKS


EXHIBIT
E

STATE BOARD OF PARDONS AND PAROLES
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME LEE CALVIN ALPHONSE    AIS# 152056          DOCKET 05/2006
                                                1/3   01/29/2008
PAROLE IS THIS DAY ORDERED _____ BY:      02/20/2006  TB

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
        IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
        LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
        IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
        IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
        LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
        IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
        IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
        LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
        IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

SPECIAL CONDITIONS _____

_____

CONTINUED TO _____

PAROLE IS THIS DAY DENIED    4-19-06              BY
DATE                  MEMBER                        RESET
4-19-06                                            4-07
4-19-06                                            4-07
REMARKS  4-19-06                                   4-07


EXHIBIT
F

STATE BOARD OF PARDONS AND PAROLES
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME LEE CALVIN ALPHONSE     AIS# 152056          DOCKET 04/2007
                                            1/3   02/20/2006
PAROLE IS THIS DAY ORDERED _____ BY:

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
        IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
        LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
        IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
        IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
        LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
        IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
        IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
        LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
        IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

SPECIAL CONDITIONS _____

_____

CONTINUED TO _____

PAROLE IS THIS DAY DENIED 3-28-07 BY:
DATE                     MEMBER                      RESET
3-28-07      _Sidney T. Williams_            _Neal_

3-28-07      _Robert Longshore_              _Very_
REMARKS


EXHIBIT
G