IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
                            )
                            )
CALVIN A. LEE,AIS# 152056    )
        Plaintiff,           )
                            )
        Vs.                  )      Case # 2:07-CV-973-MEF
                            )
PAUL WHATLEY, et al.,        )
                            )
        Defendants.          )
                            )
```

## MOTION TO FILE EXHIBITS "C" and "D"

Come now the Alabama Board of Pardons and Paroles (hereafter "the Parole Board") and its former Chairman, Sidney Williams; its Executive Director, Cynthia Dillard; its former Executive Director, William Segrest; its former Director of Operations, Carolyn Flack; moving the Court to accept Exhibits "C" and "D" that support the Defendant's Answer to the Complaint filed on 1-28-2008 and submits the following in support thereof:

1. Defendant's filed its Answer and supporting exhibits on 1-28-2008, which is within the time period for filing. In its Answer Defendant explained two affidavit had not been obtained from

1

retire employees and that they would be expeditiously submitted. Defendant's now submit Exhibits "C" and "D".

2. Defendant William Segrest is a retired state employee whose signed affidavit was not obtained until this date – 1-29-2008.

3. Defendant Sidney William is a former member to the Board and no longer employed with the agency. His signed affidavit was not obtained until this date – 1-29-2008.

4. Defendants move the Court to accept the signed affidavits of Segrest and Williams which supports its Answer filed on 1-28-2008.

5. *Exhibit C* is the affidavit of William Segrest.

6. *Exhibit D* is the affidavit of Sidney Williams.

7. These exhibits are already listed in the Defendant's Answer.

Considering the above, the Defendants move the Court to accept the attached affidavits.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the
foregoing with the Clerk of the Court using the CM/ECF
system which will send notification of such filing to
the following: None

I hereby certify that I have mailed by United
States Postal Service the document to the following
non-CM/ECF participants, individually:

**Calvin A. Lee**
**AIS # 152056**
**Draper Correctional Facility**
**P.O. Box 1107**
**Elmore, Alabama 36025**

Done this 29th day of January, 2008.

Respectfully submitted,

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

**STATE OF ALABAMA**      )
                              )

**MONTGOMERY COUNTY**    )

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **William C. Segrest,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **William C. Segrest** and I am a former Executive Director of the Alabama Board of Pardons and Paroles (currently retired). My duties included the supervision of day to day operation of the agency, implementing the Board's orders and seeing that the Board's policies and procedures are followed by agency employees. I was also the custodian of the agency records. I have reviewed the Board's file pertaining to the inmate named Calvin Alphonse Lee, AIS #152056, and I am aware of the Complaint in this matter.

"I deny the averments Mr. Lee makes in his complaint that pertains to the paroling process and the denial of his parole. Alabama paroling statutes do not vest a constitutionally protected right to parole. I deny violating his rights to due process or any other constitutionally protected right.

'I deny relying on any "known" false information that may be contained in Mr. Lee's parole file in the performance of my duties while the Executive Director.

'As the Executive Director I was not vested with any authority to act as a Board member in granting or denying parole. I had no authority to vote nor did I vote to grant or deny Mr. Lee's parole.

**EXHIBIT**

_C_

'I deny consulting with prison officials concerning Mr. Lee's prison classification or treatment while he has been incarcerated. I further deny his claims that I conspired with prison officials to violate his rights while he has been incarcerated. Nor did I have any authority to direct prison official's to take a particular action involving Mr. Lee or any other inmate concerning classification, assignments to institutions, prison conditions, or medical treatment. "

**WILLIAM C. SEGREST**
**Executive Director (Retired)**
**Alabama Board of Pardons and Paroles**

SWORN TO AND SUBSCRIBED before me this 29th day of
January _____ 2008.

**NOTARY PUBLIC**
**Commission Expires:** 10/10/08

STATE OF ALABAMA              )
                             )
MONTGOMERY COUNTY             )

### AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Sidney T. Williams,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Sidney T. Williams** and I am a former Chairman of the Alabama Board of Pardons and Paroles. I have reviewed the Board's file pertaining to the inmate named Calvin Alphonse Lee, AIS #152056, and I am aware of the Complaint in this matter.

"I deny the averments Mr. Lee makes in his complaint that pertains to the paroling process and the denial of his parole. Alabama paroling statutes do not vest a constitutionally protected right to parole. I deny violating his rights to due process or any other constitutionally protected right.

'I deny relying on any "known" false information that may be contained in Mr. Lee's parole file in deciding to grant or deny him parole.

'I further deny arbitrarily or capriciously denying his parole. I reviewed Mr. Lee's file which contains information concerning his prior record, the details of his present offense, prison record, and a personal and social history. I voted to deny Mr. Lee's parole because I was not of the opinion that there was a reasonable probability that, if released, he could remain at liberty without violating the law and that his release was not incompatible with the welfare of society.



'I considered Lee for parole under the same standard and approach that I considered other inmates while I was on the Parole Board. I treated his case no differently than any other case in making my decision.

'As Chairman of the Parole Board I had no authority over the Department of Corrections to affect the claims Lee makes concerning the prison system, prison conditions or his treatment therein. Nor was I personally contacted by any prison official attempting to improperly influence my vote to grant or deny parole to Mr. Lee."

**SIDNEY T. WILLIAMS**
**Former Chairman**
**Alabama Board of Pardons and Paroles**

SWORN TO AND SUBSCRIBED before me this _29th_ day of _January_ 2008.

NOTARY PUBLIC
Commission Expires: _10/10/08_