IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN ALPHONSE LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:07-CV-00973-MEF |
| | ) |
| ALABAMA DEPARTMENT | ) |
| OF CORRECTIONS, *et al*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Introduction**

At the time Lee filed this 42 U.S.C. § 1983 action he was in the custody of the Alabama Department of Corrections. He has since been released from prison. In his complaint as amended, Lee makes numerous claims of violations of his rights. The complaint is rambling, long and inconsistent with FED.R.CIV.P. 8(a)(2),[1] but the court will identify the claims which appear in the complaint.

1. Custody level and denial of and removal from work release placement is discriminatory because inmates who committed more serious crimes were granted less restrictive custody.

2. Discriminatory and arbitrary treatment in consideration for parole.

3. Cruel and unusual punishment by exposure to passive smoke, a lack of trained

---

[1] The rule requires that a pleading stating a claim for relief should be a "short and plain statement of the claim showing that the pleader is entitled to relief . . ."

medical personnel at the prison 24 hours daily, a lack of "drinkable" water, a lack of ice, exposure to "toxic and noxious fumes from the sewer lines," inadequate ventilation, denial of access to "adequate toilets," constant verbal abuse from correctional officers, and inadequate mental health screening as well as incompetent health care services.

    4.    Retaliation by correctional officials for the filing of lawsuits. The retaliation consists of unfounded disciplinary actions lacking in due process, transferring the plaintiff to a higher custody level and denial of transfer away from passive smoke exposure.

The defendants are numerous correctional and medical officials and employees. In response to the orders of the court, the defendants filed special reports and answers. The court then informed the plaintiff that the defendant's special reports may, at any time, be treated as motions for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment. The plaintiff has filed his response, and this case is now before the court for consideration of the defendants' motions for summary judgment which the court concludes are due to be granted.

## II. The Summary Judgment Standard

Under FED.R.CIV.P. 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2] The

---

[2] In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the court stated:

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive

party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324. If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine issue material to the non-movant's case exists. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also* FED.R.CIV.P. 56(e) ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). What is material is determined by the substantive law applicable to the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact "is 'genuine' ... if the evidence is such that a reasonable

---

issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial...We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . .

*Id.* at 324.

jury could return a verdict for the nonmoving party." *Id.* at 248 (1986). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir. 1997); *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995). However, if there is a conflict in the evidence, the plaintiff's evidence is to be believed and all reasonable inferences must be drawn in his favor." *Anderson*, 477 U.S. at 255; *Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). With these principles of law in mind, the court will determine now whether summary judgment is appropriate and should be granted.

### III. Discussion

**A. Injunctive Relief**. As noted earlier, the plaintiff is no longer in prison. Thus, his claims for injunctive relief are moot. A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 440 U.S. 625 (1979). The test is (1) there is no reasonable likelihood of a recurrence of the alleged violation <u>and</u> (2) interim relief or events have completely and

irrevocably eradicated the effects of the alleged violation. *Id.* The plaintiff's release from prison is the requisite interim event. Past exposure to illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury. *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985). All of the plaintiff's claims for injunctive relief are due to be dismissed.

**B. Abandoned Claims**. The court afforded the plaintiff the opportunity to respond to the defendants' motions for summary judgment and fully explained to him his responsibility in responding to the motions. The plaintiff filed his response on May 2, 2008. The only claim about which the plaintiff responds is his discriminatory custody and work release claim. Therefore, the court concludes that the plaintiff has abandoned all other claims presented in his complaint as amended. *See Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (citing *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986)) (Grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned).

**C. The Custody Level and Work Release Claim**. It is not clear whether the plaintiff is complaining only about alleged discriminatory treatment or whether he claims additionally that he is entitled to damages because he was denied a particular custody level or placement in a work release program. Because the plaintiff's complaint is entitled to a liberal construction, *Hughes v. Rowe*, 449 U.S. 5 (1980), the court will address both type of

claims.[3]

To the extent the plaintiff is complaining about his custody level or removal from or denial of placement on work release, his claim fails as a matter of law. The defendants reviewed the plaintiff's criminal history which properly included a review of the underlying facts of his criminal conduct and determined his security level based on that classification review. The defendants' decisions concerning how to characterize or *classify* the plaintiff's criminal history do not mark a "dramatic departure from the basic conditions" of the plaintiff's sentence, *Sandin v. Conner*, 515 U.S. 472, 485 (1995), and, therefore, the classification decisions of the defendants do not implicate the plaintiff's constitutional rights. *See also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Constitution itself does not confer any right upon an inmate to any particular custody or security classification.); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.").

This brings the court to what appears to be the heart of the plaintiff's claims. He contends that because inmates who committed more serious crimes than him were placed on work release or given lower custody classifications, he was subject to discriminatory treatment. This, of course, is a claim that the plaintiff's rights to equal protection under the Fourteenth Amendment were violated. The plaintiff is not entitled to relief on this claim.

---

[3] The liberal rules of pleading in a pro se case, however, are not to apply in such a manner that the plaintiff's pleadings themselves become irrelevant; rather, a court should use common sense in interpreting the frequently diffuse pleadings of pro se complaints. *United States ex rel Simmons v. Zibilich*, 542 F.2d 259 (5th Cir. 1976).

To establish a claim under the equal protection clause a plaintiff must show (1) that he is similarly situated with other persons who were treated differently than him, and (2) that the reason for the different treatment was based on race, religion, national origin, poverty or some other constitutionally protected interest. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929 (11th Cir. 1986). Discriminatory intent must be shown; arbitrary application without discriminatory intent is insufficient. *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987). Assuming that the plaintiff has shown that he is similarly situated with other persons treated differently from him, the plaintiff has absolutely failed to come forward with any evidence that any differential treatment was based on a constitutionally protected interest. In the absence of that showing, the plaintiff's discrimination claim fails and the defendants are entitled to summary judgment on this claim.

### IV. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. That the plaintiff's claims for injunctive relief be dismissed as moot.
2. That with respect to the plaintiff's remaining claims, the defendants' motions for summary judgment be granted and that those claims be dismissed with prejudice.
3. That judgment be granted in favor of the defendants.
4. That the costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation **on or before June 19, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of June, 2008.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE